IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY, §<br>COMPANY, as Subrogee of Emma §<br>Houston, §<br>　　　　　　　　　　　　　　§<br>　　　　Plaintiff, §<br>　　　　　　　　　　　　　　§ Civil Action No. 3:10-CV-1922-D<br>VS. §<br>　　　　　　　　　　　　　　§<br>WHIRLPOOL CORPORATION, et al., §<br>　　　　　　　　　　　　　　§<br>　　　　Defendants, §<br>　　　　　　　　　　　　　　§<br>VS. §<br>　　　　　　　　　　　　　　§<br>OPTIMA SERVICE SOLUTIONS, LLC, §<br>　　　　　　　　　　　　　　§<br>　　　　Third-Party Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this insurance subrogation action arising from a residential fire following a dishwasher installation, two defendants move for summary judgment. For the reasons that follow, the court concludes that the motion should be granted in part and deferred in part.

I

Plaintiff State Farm Fire and Casualty Company ("State Farm") sues defendants Whirlpool Corporation ("Whirlpool") and Best Buy Co. ("Best Buy"), seeking to recover on claims for negligence, strict products liability, and breach of implied warranty of merchantability based on a fire that caused damage at the residence of Emma Houston ("Emma"), its insured. State Farm brings this action as Emma's subrogee.

In October 2004 Emma and her daughter purchased from Best Buy a dishwasher manufactured by Whirlpool, a dishwasher kit with power connectors, and installation service.[1] Best Buy contracted with third-party defendant Optima Service Solutions, LLC ("Optima") to install the dishwasher, which was installed at Emma's residence sometime in October.

In June 2005 Whirlpool issued a recall notice indicating that the type of dishwasher Emma had purchased might have an electrical defect in the wash motor wiring. Emma contacted Whirlpool who contracted with a local service provider to repair the wash motor wiring. In December 2008 a fire occurred at Emma's residence. State Farm investigated the cause of the fire. A State Farm examiner who examined the fire scene in January 2009 concluded that the most likely cause was the high resistance connection between the house wiring, which was aluminum, and the dishwasher wiring, which was copper, and the lack of anti-corrosion additive on the wire nuts connecting the two types of wires. He concluded that an installation problem, not a failure of the dishwasher itself, caused the fire.

State Farm filed this lawsuit on March 23, 2010 to recover damages as Emma's subrogee against Whirlpool and Best Buy. Following a period when the parties attempted to resolve the dispute through mediation and to conduct only informal discovery, Whirlpool

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to State Farm as the summary judgment nonmovant and draws all reasonable inferences in its favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

and Best Buy filed the instant motion for summary judgment. They contend that they cannot be found strictly liable because a faulty installation, rather than the manufacture or distribution of the dishwasher, caused the fire. Defendants also maintain that Best Buy cannot be held strictly liable because it was not the dishwasher manufacturer and because none of the limited circumstances for attributing liability to a seller applies here. They posit that they cannot be held liable for negligence because there is no evidence that any negligence on their part caused the fire. Best Buy also argues that the implied warranty of merchantability claim is barred by limitations and that there is no evidence that the dishwasher was unsuitable for ordinary purposes or not comparable to other dishwashers.

State Farm opposes the motion, contending that it has not conducted formal discovery and that summary judgment would be premature. It also maintains that Best Buy should be held liable for any installation failures because Best Buy paid Optima to install the dishwasher and because Best Buy determined what components were necessary for installation by selling a dishwasher kit with power connectors. State Farm contends that there is a genuine issue of material fact regarding who installed the dishwasher and that granting summary judgment in Best Buy's favor would be premature.

II

The court turns first to State Farm's contention that it has not had sufficient time to conduct discovery.

A

Although State Farm has not followed the procedure prescribed by Fed. R. Civ. P. 56(d) (formerly Rule 56(f)), the court will treat its argument as a request under Rule 56(d)(1) and (2). "[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.) (referring to former Rule 56(f)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely. *See, e.g., Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party. *Id.* Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct. *See McCarty v. United States*, 929

F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1985)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment.").

"Given the precautionary nature of the rule, these requests ordinarily are treated and reviewed liberally. Technical, rigid scrutiny of a Rule [56(d)] motion is inappropriate." *Union City Barge Line*, 823 F.2d at 136. "[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to warrant a continuance for purposes of obtaining discovery, "a party must indicate to the court by some statement . . . why [it] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (internal quotation marks omitted) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)). It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington*, 901 F.2d at 1284-85. The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the

need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Union City Barge Line*, 823 F.2d at 136-37) (citing *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)) (internal quotation marks omitted).

B

State Farm contends that it has had inadequate time to conduct discovery because the parties agreed to refrain from formal discovery while they attempted to resolve the dispute through mediation. It has adduced evidence of email correspondence indicating that counsel for Whirlpool, Best Buy, and State Farm agreed to conduct informal discovery only, pending mediation. It has also produced evidence of correspondence indicating that the mediation, originally scheduled for June 2010, had to be rescheduled multiple times, such that the mediation date remained unscheduled as of the date of State Farm's filing its summary judgment response. Whirlpool and Best Buy do not deny that they agreed to this procedure, but they maintain nevertheless that the informal discovery should have been adequate for State Farm to oppose summary judgment. They note that State Farm has failed, as Rule 56(d) requires, to submit an affidavit or declaration explaining the need for additional discovery, and they challenge whether additional discovery will yield material evidence. They also contend that, during one year of informal discovery, State Farm has had access to their initial disclosures and the documents State Farm requested and has still failed to identify what more it needs from defendants that it could not obtain from other sources.

C

Because Rule 56(d) is the designated mechanism for dealing with the problem of premature summary judgment motions, State Farm should have complied with the Rule 56(d) procedure to justify additional time for discovery. Despite this failure, it is settled that, "[a]lthough it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (addressing former Rule 56(f). But "[w]hile a party's failure to comply with Rule 56([d]) procedure does not preclude consideration of the motion, some equivalent statement, preferably in writing or at least at the hearing of the motion, is expected." *Fontenot*, 780 F.2d at 1194 (addressing former Rule 56(f)); *see Arters v. Univision Radio Broad. TX, L.P.*, 2009 WL 1313285, at *8 n.19 (N.D. Tex. May 12, 2009) (Fitzwater, C.J.) (applying this precedent to hold that plaintiff identified genuine issue of material fact that justified continuance, where such justification was given in the brief and not in an affidavit). Despite its failure to comply with Rule 56(d), State Farm has articulated in its summary judgment response why it cannot present facts essential to justify its opposition, and the court treats this explanation as the "equivalent statement . . . in writing" permitted in this circuit.

State Farm has done more than offer vague assertions that further discovery will produce needed but unspecified facts. Even if the court assumes *arguendo* that the fire was caused by improper installation, State Farm can still attempt to show that the improper

- 7 -

installation occurred as a result of defendants' flawed instructions or inadequate warnings. Under Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(4) (West 2011), a seller who did not manufacture a product can still be held liable for harm caused by that product if the claimant proves, for example, that "(A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction[.]" State Farm has explained that discovery will help it determine what role any instructions on installation procedures (whether provided by Whirlpool or Best Buy) may have had in causing the fire. State Farm states that it will seek testimony from the dishwasher installer to support the theory that the warnings that Best Buy or Whirlpool provided regarding improper installation were inadequate. This evidence would support State Farm's contention that there is a genuine issue of material fact regarding whether defendants are strictly liable for introducing into the stream of commerce an unreasonably dangerous product with faulty installation instructions or inadequate warnings regarding the proper method of installation and the consequences of improper installation, ultimately causing the fire. Even assuming *arguendo* that an Optima subcontractor installed the dishwasher and that defendants cannot be held liable for a subcontractor's installation error, it is possible that defendants can be held liable for distributing and selling the dishwasher without providing adequate instructions and installation warnings.

Moreover, it follows that, since the same evidence could reveal a product defect (in the form of faulty instructions and warnings) under Whirlpool or Best Buy's control that

- 8 -

could foreseeably have caused the improper installation and resulting fire, State Farm has explained how the anticipated evidence could raise a genuine issue of material fact regarding its negligence claim. In Texas, a legal duty generally runs to the product supplier and the manufacturer to warn expected users of foreseeable risks of harm. *See Gen. Motors Corp. v. Saenz ex rel. Saenz*, 873 S.W.2d 353, 356 (Tex. 1993) ("Generally, a manufacturer has a duty to warn if it 'knows or should know of potential harm to a user because of the nature of its product.'"); *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 172 (Tex. 2004) ("Generally, a product supplier must warn expected users of foreseeable risks that make the product unreasonably dangerous." (internal footnotes omitted)). State Farm explains that it needs to conduct discovery on the warnings and instructions that Whirlpool or Best Buy provided so that it can determine the extent to which any deficiencies in the warnings and instructions contributed to the fire. Testimony from the installer and production of the warnings and instructions may help establish the extent (if any) to which improper installation and fire were foreseeable considering the type of warnings and instructions given.

D

The court therefore holds that State Farm is entitled to a continuance under Rule 56(d) with respect to the part of the summary judgment motion addressed to its strict products liability and negligence claims. Within 30 days of the date this memorandum opinion and order is filed, the parties must submit a joint estimate indicating the deadline by which pertinent discovery can be completed, State Farm can file its response brief and materials, and defendants can file a reply brief in support of their summary judgment motion.

III

The court grants summary judgment in favor of Best Buy, however, with respect to State Farm's claim for breach of implied warranty of merchantability.

A

Breach of warranty actions are subject to a four-year statute of limitations under Texas law. Tex. Bus. & Com. Code Ann. § 2.725(a) (West 2009). A cause of action for breach of the implied warranty of merchantability accrues when the good is delivered. *Safeway Stores v. Certainteed Corp.*, 710 S.W.2d 544, 546 (Tex. 1986); *see* Tex. Bus. & Com. Code Ann. § 2.725(b) (West 2009) ("A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods[.]"); *Safeway Stores*, 710 S.W.2d at 547 (noting that implied warranties of merchantability are incapable of explicitly extending to future performance). State Farm has adduced evidence that the dishwasher was to be delivered on October 11, 2004, and State Farm admits in its summary judgment response that the dishwasher was delivered sometime in October 2004. State Farm has made no attempt to explain how further discovery would raise a genuine question of material fact that would defeat the statute of limitations for this claim. Because this lawsuit was filed on March 23, 2010, Best Buy has met its obligation to establish beyond peradventure[2] that this claim is time-barred.

---

[2] Because Best Buy will bear the burden of proving this affirmative defense at trial, it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot*, 780 F.2d at 1194).

\* \* \*

The court grants summary judgment in favor of Best Buy dismissing State Farm's claim for breach of implied warranty of merchantability. The court defers consideration of the balance of defendants' summary judgment motion.

**SO ORDERED**.

August 15, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE