IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY, COMPANY, as Subrogee of Emma Houston, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:10-CV-1922-D |
| WHIRLPOOL CORPORATION, et al., | § § § | |
| Defendants, | § § | |
| VS. | § § | |
| OPTIMA SERVICE SOLUTIONS, LLC, | § § | |
| Third-Party Defendant-Fourth-Party Plaintiff, | § § § | |
| VS. | § § | |
| PERRY CLARK d/b/a K&K HOME SERVICES f/k/a PERRY CLARK d/b/a CERTIFIED INSTALLATION, | § § § § | |
| Fourth-Party Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this insurance subrogation action arising from a residential fire following a dishwasher installation, third-party defendant Optima Service Solutions, LLC ("Optima") moves for summary judgment on claims for contractual indemnity and common law contribution. For the reasons that follow, the court denies the motion.

I

Many of the background facts in this case are set out in a prior memorandum opinion and order of the court. *See State Farm Fire & Cas. Co. v. Whirlpool*, 2011 WL 3567466, at *1 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) ("*State Farm I*"). The court will therefore recount only the additional background facts and procedural history necessary to decide Optima's summary judgment motion.[1]

Plaintiff State Farm Fire and Casualty Company ("State Farm") sued defendants Whirlpool Corporation ("Whirlpool") and Best Buy Co., Inc. ("Best Buy") in Texas county court seeking to recover on claims for negligence, strict products liability, and breach of implied warranty of merchantability arising from a fire at the residence of Emma Houston ("Emma"), State Farm's insured, allegedly caused when a Whirlpool dishwasher that Emma had purchased from Best Buy malfunctioned. Best Buy filed a third-party petition against Optima alleging claims for contractual indemnity and contribution. Emma purchased the dishwasher and dishwasher kit with connections from Best Buy in 2004. At that time, Best Buy and Optima had a contract for the installation of certain appliances, including dishwashers. The Appliance Service Master Services Agreement ("Agreement") between Best Buy and Optima, which took effect April 1, 2008, provides:

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Optima as the summary judgment nonmovant and draws all reasonable inferences in its favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

> Each party hereto . . . shall indemnify, defend and hold harmless, the other party . . . from and against any and all losses, costs, obligations, liabilities, damages, actions, suits, causes of action, claims, demands, settlements, judgments, and other expenses . . . which are asserted against, incurred, imposed upon or suffered by the Indemnified Party by reason of, or arising from . . . (g) the acts or omissions of the Indemnifying Party and its officers, directors, employees, agents or Subcontractors, provided, however that [Optima] shall not be liable for any manufacturer defects, latent defects or any other defects not reasonably discoverable prior to performing Services.

Optima App. 23-24.[2]

Best Buy alleges in its third-party petition that, if it is established that the dishwasher was improperly installed, then under the Agreement Optima must indemnify Best Buy for all damages that Best Buy incurs. Best Buy also asserts that Optima is liable for common law contribution.

After the case was removed to this court, Whirlpool and Best Buy moved for leave to designate Perry Clark as a responsible third party, on the ground that he had improperly installed the dishwasher. Optima then filed a fourth party action against Perry Clark d/b/a Certified Installation ("Clark"), seeking to recover, *inter alia*, on claims for contribution and indemnity. In Optima's fourth party complaint it alleges that it entered into a subcontract with Clark in 2002, under which Clark agreed to act as the subcontractor who would install kitchen and laundry appliances purchased from Best Buy, and that Clark installed Emma's

---

[2]As noted, the Agreement that the parties cite in their briefs states that it is effective April 1, 2008. The dishwasher was installed in October 2004. Because both parties rely on the same contractual language, the court assumes that it is undisputed that the Agreement (or an earlier iteration that contains the same language) controls.

dishwasher.

In *State Farm I* the court granted in part Whirlpool and Best Buy's motion for summary judgment, holding that Best Buy had established beyond peradventure that the affirmative defense of limitations barred State Farm's breach of implied warranty of merchantability claim against Best Buy. *State Farm I*, 2011 WL 3567466, at *4. As to the claims for negligence and strict products liability, the court treated State Farm's response as seeking a continuance under Fed. R. Civ. P. 56(d) and held that State Farm was entitled to a continuance before the court decided the part of the summary judgment motion that was addressed to those claims. *Id.* at *3-4. Optima then filed the instant summary judgment motion in which it maintains that its only role was to schedule and coordinate the installation of the dishwasher with an independent certified installer, and that, because its liability for defective products was limited by the Agreement, it is entitled to summary judgment dismissing Best Buy's claims against it. Best Buy opposes the motion.[3]

## II

Optima is moving for summary judgment on claims as to which Best Buy will bear the burden of proof at trial. Because Best Buy will have the burden of proof, Optima can meet its summary judgment obligation by pointing the court to the absence of evidence to

---

[3]Although it is Best Buy who has brought the third-party action against Optima, Whirlpool and Best Buy filed a joint response to Optima's summary judgment motion, perhaps because the motion can be read as seeking summary judgment against both Whirlpool and Best Buy. The court treats the motion as filed against Best Buy alone given the absence of a third-party action by Whirlpool against Optima.

support Best Buy's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Optima does so, Best Buy must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Best Buy's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Best Buy's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citation omitted).

### III

Optima moves for summary judgment dismissing Best Buy's claims, contending that it had no role in the manufacture or sale of the dishwasher and was contractually relieved of any liability for any manufacturing or latent defects. Best Buy responds that, if State Farm establishes that the dishwasher was improperly installed and therefore prevails on its negligence claim, Optima will be liable to Best Buy for contractual indemnity and contribution.

### A

Optima characterizes the underlying claims against Best Buy as "a product liability cause of action" under Tex. Civ. Prac. & Rem. Code Ann. § 82.001. Optima Br. 7. It contends that, because it is undisputed that "Optima had no role in the design, manufactur[e], assembly, sale or distribution of the dishwasher," *id.* at 8, it is entitled to summary judgment dismissing Best Buy's claim. The court disagrees.

- 5 -

State Farm alleges that Best Buy and Whirlpool were negligent by, *inter alia*: "[c]arelessly and negligently fail[ing] to properly install the [dishwasher], causing [it] to malfunction and ignite a fire" and that they "[w]ere otherwise careless and negligent in the design, manufacture, assembly, distribution, sale, delivery, installation, and repair of the [dishwasher]." Pet. ¶ 12. Thus State Farm's claims are not premised solely on the "design, manufactur[e], assembly, sale or distribution of the dishwasher," as Optima argues, but encompass a wider range of negligent actions, including negligence in the installation of the dishwasher. Optima Br. 8.

Optima maintains that its "role was to schedule and coordinate the installation of the subject dishwasher." *Id.* Although Optima's role as scheduler and coordinator of the installation may not itself have caused the fire and ensuing damages, Optima promised under the Agreement to indemnify Best Buy for any damages arising from "the acts or omissions" of its subcontractors. Optima App. 24. It appears to be undisputed at this stage of the case that Clark, an Optima subcontractor, installed the dishwasher. Best Buy has adduced evidence that supports the finding that the fire started because of an "installation problem and . . . not a failure of the Whirlpool dishwasher." Best Buy App. 5; *see also id.* at 12 (opinion of Whirlpool product safety engineer "that improper wiring by the installer of the dishwasher is the probable cause of the . . . fire"). This undisputed[4] evidence is sufficient

_____

[4]Best Buy (joined by Whirlpool) filed its summary judgment response on September 15, 2011. Optima did not file a reply brief and has not otherwise disputed Best Buy's evidence. The court therefore views the evidence as "undisputed" for purposes of deciding Optima's motion for summary judgment, but it expresses no opinion about whether this

to permit a reasonable jury to conclude that the fire in question was caused by the negligent installation of the dishwasher and to thus find that State Farm is entitled to recover against Best Buy.  If State Fam recovers on its negligence claim against Best Buy based on negligence in the installation of the dishwasher, then, under the terms of the Agreement, Optima is obligated to indemnify Best Buy due to the negligence of Optima's subcontractor.

Optima's motion for summary judgment on Best Buy's contractual indemnity claim is therefore denied.[5]

B

Optima also appears to move for summary judgment dismissing Best Buy's common law contribution claim.[6]  Because neither party has thoroughly briefed whether Best Buy is entitled to common law contribution, and because the court concludes that a decision on this claim would be premature given the fact issues that remain in the underlying case, the court denies Optima's motion for summary judgment on Best Buy's common law contribution

_____

evidence will be considered "undisputed" in another context.

[5]Optima argues that it is contractually relieved of any liability for manufacturing or latent defects.  But the provision of the Agreement "that [Optima] shall not be liable for any manufacturer defects, latent defects or any other defects not reasonably discoverable prior to performing Services," Optima App. 24, is inapplicable if it is determined, for example, that the fire was caused only by negligent installation.

[6]Although Best Buy has included its claim for contractual indemnity and common law contribution in the same count of its complaint, because these are two separate claims—one based on the contractual obligation created by the Agreement and the other arising from common law principles—the court will treat them as separate claims for purposes of deciding this motion.

claim. *See Anderson*, 477 U.S. at 255 (a court has discretion to deny a motion for summary judgment if it believes that "a better course would be to proceed to a full trial.").

\*    \*    \*

For the foregoing reasons, Optima's August 26, 2011 motion for summary judgment is denied.

**SO ORDERED**.

November 15, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE